GORETH v. SHIPHERD.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. JUDGMENTS—ACTIONS—DECEASED PARTY.

    An action to revive a judgment, brought in the name of the judgment creditor after his death, was wholly void.

2. SAME—DISCONTINUANCE.

    Attorneys for a judgment creditor sued to revive the judgment in the judgment creditor's name, and after discovering that he had died before the bringing of the action, the attorneys obtained the appointment of an ancillary administrator, and thereupon commenced a new action in his name; but, on its being thereafter discovered that the administrator had failed to qualify, both actions were discontinued by orders of court, and costs paid to and retained by defendant's attorney. After plaintiff's qualification, another action was commenced just before the period of limitations had run. *Held*, that an order denying defendant's motion to vacate the orders of discontinuance, and to stay plaintiff's proceedings, and for final judgment in defendant's favor, was proper.

Appeal from Special Term, Queens County.

Action by Frank W. Goreth, as ancillary administrator of Thomas Keiher, against Jacob R. Shipherd. From an order denying defendant's motion to vacate certain orders granting plaintiff leave to discontinue the action, and for a stay of plaintiff's proceedings, and for final judgment in favor of defendant, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Delano C. Calvin, for appellant.

Charles H. Strong, for respondent.

HIRSCHBERG, P. J. The plaintiff's decedent, Thomas Keiher, a nonresident of this state, recovered a judgment against the defendant in the Marine Court of the city of New York in the year 1882. The judgment is uncollected. In September, 1897, an action was commenced against the defendant, by the attorneys by whom the judgment was recovered, upon the judgment, and in the name of the decedent as plaintiff. Discovering subsequently that Thomas Keiher had died before the commencement of that action, the plaintiff's attorneys duly procured the appointment of the plaintiff as ancillary administrator, and thereupon commenced this action against the defendant upon the judgment; the venue being laid in the county of Queens. It appeared, however, that at the time this action was commenced the ancillary administrator had failed to qualify; and, by orders of the court thereafter duly obtained, leave was granted for the discontinuance of both the action upon the judgment brought in the name of the decedent and this one, which was prematurely brought by the plaintiff; and, after qualification by the plaintiff, another action was commenced in his behalf, in the county of New York, to enforce the defendant's liability upon the judgment. The order granting leave to the plaintiff to discontinue this action appears to have been regarded by his attorneys as a sufficient order of discontinuance, and no other formal order was made or entered. The order appealed from denies the defendant's motion to stay the plaintiff's proceedings in this action, and to render final judgment in the defendant's favor herein, and also denies the defendant's motion made at the same time to vacate the orders granting leave to discontinue this action, and the one brought upon the judgment in the name of the decedent.

Conceding that there were irregularities in the steps by which it was sought to discontinue the plaintiff's first action, viz., the one in which the present motion was made, it is quite apparent that justice requires the affirmance of the order appealed from. I think the action brought upon the judgment in the name of the decedent was wholly void, and whatever doubt may have existed heretofore as to the efficacy of the proceedings by which it was sought to discontinue this action was resolved by the learned justice at Special Term by the granting of a formal order of discontinuance of such action upon the hearing of the present motion. The defendant's objections disclose the denial of no substantial right; costs appear to have been paid to and retained by his attorney on the granting of each precedent motion; and as the course finally adopted leaves but a single action, viz., the one in

New York county, commenced upon the verge of the period of limitation, in which action the parties proper to the proceeding may determine the controversy upon the merits without prejudice to such rights upon either side, the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.